UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEDRICK BYRD** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 16-CV-563** |
| | * | |
| **P&S TRANSPORTATION, LLC, ALLSTATE** | * | **JUDGE: JWD** |
| **PROPERTY & CASUALTY INSURANCE** | * | |
| **COMPANY, AND GARY F. NORMAN** | * | **MAGISTRATE: EWD** |
| | * | |
| | * | |
| | * | |
| * * * * * * * * * * * * * * * | * | |

**FILED:** _____   _____

**DATE**

<u>**AMENDED PETITION FOR REMOVAL**</u>

Defendants, P&S Transportation, L.L.C. and Gary F. Norman, file this Amended Petition for Removal of this case from the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, in which it is now pending, to the United States District Court for the Middle District of Louisiana. This removal is predicated upon diversity jurisdiction under 28 U.S.C. §1332.

1. This case was commenced in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, on July 13, 2016 through the filing of

a Petition for Damages setting forth a claim for relief upon which this action is based.

2. Plaintiff, Kedrick Byrd, instituted this action for personal injuries allegedly sustained in a motor vehicle accident on August 7, 2015 on I-10 in West Baton Rouge Parish, Louisiana (Exhibit 1: Uniform Motor Vehicle Traffic Crash Report dated 8/7/2015).

3. Service of process upon defendant, Gary F. Norman was requested through the Louisiana Long-Arm Statute in LSA-R.S. 13:3201, *et seq.* and made upon him on August 5, 2016, but no affidavit of long-arm service has been filed into the record of the state court proceeding (Exhibit 2: Executed Certified Mail Delivery Receipt dated 8/5/16, Plaintiff Counsel Correspondence and Citation to Gary F. Norman dated 7/19/2016).

4. Service of process was initially requested upon P&S Transportation, Inc. (as opposed to P&S Transportation, LLC) upon Stacy Fontenot, 310 E. Ash Avenue, Eunice, Louisiana 70535 but service was not effectuated upon either P&S Transportation, Inc. or P&S Transportation, LLC.

5. Service of process upon defendant, P&S Transportation, LLC was subsequently requested through the Louisiana Long-Arm Statute in LSA-R.S. 13:3201, but no affidavit of long-arm service has been filed into the record of

the state court proceeding and no service of process has been made by via mail on P&S Transportation, LLC as of this date.

6. Service of process upon defendant, Allstate Property & Casualty Insurance Company was made through the Louisiana Secretary of State on July 20, 2016.

7. This matter has been removed within thirty (30) days of documented service of process upon Gary F. Norman although no affidavit of long-arm service has been filed into the record of the state court proceeding.

8. This action is one of a civil nature for damages.

9. Plaintiff, Kedrick Byrd ("Byrd"), contends that he has incurred past, present and future medical expenses in consequence of the subject accident for orthopedic injuries allegedly sustained in the accident and for which, according to his attorney, Rickey W. Miniex, he is being treated by Lafayette, Louisiana orthopedic surgeon, Dr. David S. Muldowny of Lafayette Bone & Joint Clinic (Exhibit 3: Petition for Damages, ¶ 6).

10. Byrd further alleges entitlement to damages for past, present, and future pain and suffering caused by the subject accident (Exhibit 3: Petition for Damages, ¶ 6).

11. Byrd further alleges that he is entitled to damages for past, present and future disability in consequence of the subject accident (Exhibit 3: Petition for

Damages, ¶ 6).

12. Byrd further alleges that he is entitled to damages for past, present and future loss of enjoyment of life in consequence of the subject accident (Exhibit 3: Petition for Damages, ¶ ¶ 6; 9).

13. Byrd further alleges that he is entitled to damages for past lost wages because of his involvement in the subject accident (Exhibit 3: Petition for Damages, ¶ 6).

14. Byrd further alleges that he is entitled to damages for past, present and future loss of earnings capacity because of the subject accident (Exhibit 3: Petition for Damages, ¶ 6).

15. Under *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999), defendants aver that they possess a good faith belief at the time of this removal that diversity jurisdiction exists, irrespective of the merits of plaintiff's lawsuit or any defenses applicable to their claims.

16. Byrd alleges in his state court Petition for Damages that his claim exceeds the sum of $50,000 (Exhibit 3: Petition for Damages, ¶ 6).

17. On August 18, 2016, defense counsel forwarded an e-mail with an *Irrevocable Stipulation of Damages,* with a request that Byrd execute the stipulation if his claims did not exceed $75,000, exclusive of interest and costs (Exhibit 4: E-

   Mail to Plaintiff Counsel dated 8/17/16, attached *Irrevocable Stipulation of Damages*).

18. On August 23, 2016, plaintiff counsel communicated that the *Irrevocable Stipulation of Damages* would not be signed (Exhibit 5: E-Mail to Defense Counsel dated 8/23/16).

19. P&S Transportation, L.L.C. maintained combined single limit insurance or self insured retention automobile liability coverage through P&S Risk Retention Group, Inc. of $500,000 per occurrence as of the date of the subject accident (Exhibit 6: Certificate of Liability Insurance, P&S Transportation, L.L.C.).

20. Byrd alleges that "the limits of the policy issued to P&S Transportation, Inc. and Gary F. Norman and the assets of Gary F. Norman are insufficient to satisfy his demand" (Exhibit 3: Petition for Damages, ¶ 11).

21. By virtue of this allegation, Byrd asserts damages against defendants in amount greater than $75,000 because he asserts a first party uninsured/under-insured motorist (collectively "UM") claim against his own insurer, Allstate Property & Casualty Insurance Company, above defendants' primary and excess liability coverage, for his $15,000 per person $30,000 UM coverage (Exhibit 6: Certificate of Liability Insurance, P&S Transportation, LLC; Exhibit 7: Allstate Property & Casualty Insurance Company Declarations Page,

Name Insured, Stacey Henry, Byrd as permissive user/operator, (Exhibit 1: Uniform Motor Vehicle Traffic Crash Report dated 8/7/2015).

22. Co-defendant, Allstate Property & Casualty Insurance Company concurs in removal and has filed a written concurrence in removal of this matter.

23. Kedrick Byrd is domiciled in and is a resident of the Parish of Rapides (Lecompte), State of Louisiana.

24. Gary F. Norman is domiciled in and a resident of the State of Georgia, whose address is 5910 Wood Duck Trail

    Blackshear, GA 31516.

25. P&S Transportation, L.L.C. is a limited liability corporation incorporated under the laws of the State of Alabama, domiciled in the State of Alabama and which maintains its principal place of business at 1810 Avenue C, Birmingham, Alabama 35218.

26. P&S Acquisition, L.L.C. is the sole member of and owns 100% of P&S. Transportation, L.L.C.

27. P&S Acquisition, L.L.C. is a limited liability corporation organized under the laws of the State of Delaware, domiciled in the State of Alabama and which maintains its principal place of business in Birmingham, Alabama.

28. PS Logistics, L.L.C. is the sole member of and owns 100% of P&S Acquisition, L.L.C.

29. PS Logistics, L.L.C. is a limited liability corporation organized under the laws of the State of Delaware, domiciled in the State of Alabama, and which maintains its principal place of business in Birmingham, Alabama.

30. The members of PS Logistics, L.L.C. are:

    a) WPC Transport Partners, L.L.C., a limited liability corporation organized under the laws of the State of Delaware, domiciled in the State of New York, and which maintains is principal place of business in New York;

    b) Robbie Pike, who is domiciled in and a resident of the State of Florida; and

    c) Scott Smith, who is domiciled in and a resident of the State of Alabama.

31. The members of WPC Transport Partners, L.L.C. are:

    a) John Henry Moulton, who is domiciled in and a resident of the State of New York;

    b) Jim Martell, who is domiciled in and a resident of the State of Florida; and

      c)      J.J. Schickel, who is domiciled in and a resident of the State of Florida.

32. Allstate Property & Casualty Insurance Company is a foreign insurer incorporated under the laws of the State of Illinois and which maintains its principal place of business at 3075 Sanders Road, Suite H1a, Northbrook, Illinois, 60062.

33. Allstate Property & Casualty Insurance Company is not deemed to be a citizen of the State of Louisiana because no third party "liability" claim is asserted against it as opposed to a first party, UM claim. 28 U.S.C. §1332(c)(1); *Carpenter v. Illinois Central Gulf R. Co.*, 524 F. Supp. 249 (M.D. La. 1981).

34. Complete diversity of citizenship exists and the amount in controversy requirement in 28 U.S.C. §1332 is demonstrable.

**WHEREFORE**, defendants, P&S Transportation, L.L.C. and Gary F. Norman pray for removal of the above-entitled cause from the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana to the United States District Court for the Middle District of Louisiana.

                      Respectfully submitted,

                      /s/ Charles M. Ponder, III
                      CHARLES M. PONDER, III, #2052
                      PONDER LAW FIRM
                      1010 Common Street, Suite 1715
                      New Orleans, Louisiana 70112
                      Telephone: (504) 528-3066
                      Facsimile: (504) 528-3077
                      E-Mail: cmponder@att.net

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of April, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: All counsel of record. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail and e-mail to the following non-CM/ECF participants: Rickey W. Miniex.

        /s/ Charles M. Ponder III
          CHARLES M. PONDER, III