UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEDRICK BYRD

                                                                    CIVIL ACTION

VERSUS

                                                                    NO. 16-563-JWD-EWD

GARY F. NORMAN, ET AL.

**NOTICE AND ORDER**

This suit arises out of a vehicular accident occurring on or about August 7, 2015.[1]  Plaintiff

alleges that he was driving a car owned by Stacey A. Henry when he was rear-ended by a "2016

Peterbuilt T/T" operated by Gary F. Norman ("Norman") and owned by P&S Transportation, Inc.

("P&S, Inc.").[2]  Plaintiff filed suit against P&S, Inc., Norman, and Allstate Insurance Company

("Allstate") on July 13, 2016 in the 18th Judicial District Court, Parish of West Baton Rouge, State

of Louisiana.[3]

On August 24, 2016 P&S Transportation, LLC (P&S, LLC") and Norman (collectively,

the "Removing Parties") filed a Notice of Removal.[4]  Per the Notice of Removal, the Removing

Parties assert that this court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.[5]

In the Notice of Removal, the Removing Parties allege that: (1) Plaintiff is a "resident" of

Louisiana; (2) Norman is a "resident" of Georgia; (3) P&S, LLC "is a limited liability corporation

incorporated under the laws of the State of Alabama, with its principal place of business at 1810

---

[1] Petition for Damages, R. Doc. 1-3, ¶ 2.

[2] Petition for Damages, R. Doc. 1-3, ¶ 3.

[3] Plaintiff originally filed suit against Allstate, alleging that Plaintiff "was covered by a policy of automobile insurance issued by [Allstate] which provides for underinsured motorist coverage for circumstances such as those that exist in this case." Petition for Damages, R. Doc. 1-3, ¶ 11.  On November 8, 2016, Plaintiff filed a Motion of Partial Dismissal without Prejudice with Reservation of Rights stating that Plaintiff "no longer desires to maintain the above captioned matter as to Allstate…and that said action should be dismissed without prejudice..." as to Allstate.  R. Doc. 18.  An order dismissing Allstate was entered on November 9, 2016.  R. Doc. 19.

[4] R. Doc. 1.

[5] R. Doc. 1, ¶ 28.

1

Avenue C, Birmingham, Alabama 35218;" and (4) Allstate "is a foreign insurer incorporated under the laws of a state other than the State of Louisiana and which maintains its principal place of business at 3075 Sanders Road, Suite H1a, Northbrook, Illinois, 60062."[6]

Plaintiffs have filed a Motion to Remand[7] asserting, *inter alia*, that remand is appropriate because "Defendants have not proven complete diversity" based on allegedly defective allegations of citizenship set forth in the Notice of Removal.[8]  As discussed herein, the undersigned finds that the allegations of citizenship set forth in the Notice of Removal are insufficient to establish complete diversity of the parties for purposes of subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

First, allegations of residency are insufficient to establish an individual's citizenship.  *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").   Second, for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).  The same requirement applies to any member of a limited liability company which is also a limited liability company.  *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can

---

[6] R. Doc. 1, ¶¶ 23-26.

[7] R. Doc. 8.

[8] R. Doc. 8-1, p. 3.

result in dismissal for want of jurisdiction.") (quotation and citation omitted).  Finally, in diversity

cases involving corporations, "allegations of citizenship must set forth the state of incorporation

as well as the principal place of business of each corporation."  *See*, *Getty Oil, Div. of Texaco v.*

*Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

Here, the Notice of Removal does not adequately allege the citizenship of the parties for

purposes of establishing this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332

because the Notice of Removal fails to allege the domicile of each individual[9] and the citizenship

of P&S, LLC (via allegations of the citizenship of each member of P&S, LLC).  Additionally, the

Notice of Removal does not adequately allege the citizenship of Allstate because it does not

include an allegation of Allstate's state of incorporation.[10]

28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended,

upon terms, in the trial or appellate courts."  The Fifth Circuit has instructed that § 1653 "is to be

broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds."

*Whitmore v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000).  *See also*, *D.J. McDuffie, Inc. v. Old*

*Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979) (amendment is permissible where the

---

[9] The undersigned notes that throughout Plaintiff's Memorandum in Support of the Motion to Remand, Plaintiff asserts that he is "a resident and domiciliary of Louisiana."  R. Doc. 8-1, p. 1.  *See also*, R. Doc. 8-1, p. 4.  With respect to Norman's citizenship, the Removing Parties assert in opposition to the Motion to Remand that "in the Answer & Jury Demand filed in August 25, 2016…Norman has admitted his status as a Georgia domiciliary."  R. Doc. 15, p. 10.  *See*, R. Doc. 3 ("The allegations contained in paragraph 1 of plaintiff's Petition for Damages are admitted as to the status and domicile of Gary F. Norman.").

[10] The undersigned recognizes that the Removing Parties did allege that Allstate was "incorporated under the laws of a state other than the State of Louisiana."  However, when jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged.'"  *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)).  This court has previously held that "allegations phrased in the negative are insufficient." *Truxillo v. American Zurich Ins. Co.*, 2016 WL 6987127, at * 6 (M.D. La. Oct. 24, 2016) (citing *Constance v. Austral Oil Exploration Co., Inc.*, 2013 WL 495779, at * 3 (W.D. La. Feb. 3, 2013)).  *See also*, *Compass Bank v. Sun Valley Motor Hotel, Ltd.*, 2014 WL 12605575, at * 2 (S.D. Tex. Feb. 21, 2014) ("the *Getty Oil* court did not require negative allegations of corporate citizenship; it condemned them.").  Further, although Allstate was ultimately dismissed from the case, the allegations of Allstate's citizenship are still necessary to determine whether subject matter jurisdiction existed at the time this case was removed (when Allstate was a party).

"original petition for removal…failed to specifically allege the citizenship of the parties at the time the suit was brought and at the time the removal petition was filed.").

Accordingly,

**IT IS HEREBY ORDERED** that P&S Transportation, LLC and Gary F. Norman (the "Removing Parties") shall file a Motion to Substitute the Notice of Removal (R. Doc. 1) with an Amended Notice of Removal that properly sets forth the citizenship of the parties, including specific allegations regarding the domicile of each individual, the citizenship of each member(s) of P&S Transportation, LLC, and state of incorporation and principal place of business of Allstate Insurance Company.  The Removing Parties shall have seven (7) days from the date of this Notice and Order to file the Motion to Substitute without further leave of court.

The parties are **HEREBY NOTIFIED** that upon expiration of the seven day time period set forth in this Notice and Order, the court shall consider Plaintiff's Motion to Remand.

Signed in Baton Rouge, Louisiana, on March 24, 2017.


                                        _____
                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**