UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEDRICK BYRD

CIVIL ACTION

VERSUS

NO. 16-563-JWD-EWD

GARY F. NORMAN, ET AL.

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 10, 2017.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEDRICK BYRD

CIVIL ACTION

VERSUS

NO. 16-563-JWD-EWD

GARY F. NORMAN, ET AL.

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Remand and for Costs and Expenses (the "Motion to Remand")[1] filed by plaintiff, Kedrick Byrd ("Plaintiff"). Gary F. Norman ("Norman") and P&S Transportation, LLC ("P&S, LLC") (collectively, the "Removing Parties") have filed an opposition.[2] For the reasons set forth herein, it is the recommendation[3] of the undersigned that Plaintiff's Motion to Remand be **DENIED**. Because the undersigned recommends that the Motion to Remand be denied, the undersigned further recommends that Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) also be **DENIED**.

In the event this report is adopted and Plaintiff's Motion to Remand is denied, the undersigned further recommends that: (1) this matter be referred to the undersigned for a scheduling conference;[4] and (2) P&S, LLC and P&S Transportation, Inc. ("P&S, Inc.") be ordered to jointly file, within seven (7) days of the order adopting this recommendation, a Motion to Substitute P&S, LLC as a party defendant, specifically stating whether Plaintiff objects to the proposed substitution.

---

[1] R. Doc. 8.

[2] R. Doc. 15.

[3] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

[4] The prior scheduling conference was cancelled to permit resolution of the Motion to Remand. R. Doc. 12.

## I.    Background

This suit arises out of a vehicular accident occurring on or about August 7, 2015.[5]  Plaintiff alleges that he was driving a car owned by Stacey A. Henry ("Henry") when he was rear-ended by a "2016 Peterbuilt T/T" operated by Norman and owned by P&S Inc.[6]  Plaintiff filed suit against P&S, Inc., Norman, and Allstate Insurance Company ("Allstate") on July 13, 2016.[7]

On August 24, 2016 P&S, LLC and Norman filed a Petition for Removal.[8]  Although not named in the original state court Petition, P&S, LLC has admitted that it was Norman's employer at the time of the accident.[9]  On August 25, 2016, P&S, Inc. filed a Concurrence in Removal asserting that P&S, Inc. "has erroneously been designated as a defendant in this proceeding even though Gary F. Norman was not employed by P&S Transportation, Inc. and was not under its dispatch at the time of the subject accident."[10]  Despite this assertion, Plaintiff has not amended his Petition to assert claims against P&S, LLC, and P&S, LLC has not intervened or moved to be substituted as a defendant.[11]

---

[5] Petition for Damages, R. Doc. 1-3, ¶ 2.

[6] Petition for Damages, R. Doc. 1-3, ¶ 3.

[7] Plaintiff originally filed suit against Allstate alleging that Plaintiff "was covered by a policy of automobile insurance issued by [Allstate] which provides for underinsured motorist coverage for circumstances such as those that exist in this case." Petition for Damages, R. Doc. 1-3, ¶ 11.  On November 8, 2016, Plaintiff filed a Motion of Partial Dismissal without Prejudice with Reservation of Rights stating that Plaintiff "no longer desires to maintain the above captioned matter as to Allstate…and that said action should be dismissed without prejudice..." as to Allstate.  R. Doc. 18.  An order dismissing Allstate was entered on November 9, 2016.  R. Doc. 19.

[8] R. Doc. 1.

[9] R. Doc. 3, ¶ 10.

[10] R. Doc. 2.

[11] It does not appear that P&S, Inc. filed responsive pleadings in state court; however, P&S, Inc. did file a Motion for Extension of Time to respond to Plaintiff's Petition and a Request for Notice in the state court proceedings.  R. Doc. 1-10.

On September 23, 2016, Plaintiff filed the instant Motion to Remand.[12]  Therein, Plaintiff

asserts that this court "has grounds for discretionary abstention" pursuant to *Colorado River Water*

*Conservation District v. United States*, 424 US 800 (1976) because "there is another case pending

in state district court which has the same exact facts and defendants,"[13] specifically, *Stacey Henry*

*v. Gary F. Norman*, 18th Judicial District Court, No. 43027-A, West Baton Rouge Parish, Louisiana

(the "*Henry* Suit").  Plaintiff asserts that this matter and the *Henry* Suit "are identical with the

exception of the Plaintiff being the husband in one suit, versus the wife in another."[14]  Plaintiff

additionally argues that remand is appropriate because "Defendants have not proven complete

diversity"[15] based on allegedly defective allegations of citizenship set forth in the Notice of

Removal.[16]

## II.     Law and Analysis

### a.  Legal Standard

Pursuant to 28 U.S.C. § 1332(a), this court has original jurisdiction "of all civil actions

where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between (1) citizens of different States."  "It is axiomatic that the federal courts have

limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution

and legislation."  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  The removing party bears the

---

[12] R. Doc. 8.

[13] R. Doc. 8-1, p. 2.

[14] R. Doc. 8-1, p. 2.

[15] R. Doc. 8-1, p. 3.

[16] On April 3, 2017, pursuant to a Notice and Order of this court, the Removing Parties filed a Motion to Substitute Amended Petition for Removal which, as discussed herein, sufficiently addresses deficiencies in the Removing Parties' original Petition for Removal related to the allegations of citizenship for purposes of complete diversity pursuant to 28 U.S.C. § 1332.  *See*, R. Doc. 24 (March 27, 2017 Notice and Order requiring the Removing Parties to file an Amended Notice of Citizenship setting forth the citizenship of all parties) & R. Doc. 27 (Motion to Substitute Amended Petition for Removal).  The Motion to Substitute was granted on April 4, 2017, and an Amended Petition for Removal was substituted in the place of the original Petition for Removal.  *See*, R. Doc. 29.

burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

### b. Removal by a Non-Party

Although not raised by Plaintiff in the Motion to Remand, the undersigned notes that the Notice of Removal was filed by P&S, LLC; however, Plaintiff named P&S, Inc. as a defendant in his original Petition for Damages. Despite P&S, LLC's assertion that it was "erroneously designated as 'P&S Transportation, Inc.'" in Plaintiff's state court petition, it does not appear that P&S, LLC ever moved to intervene or be substituted as the proper party defendant in the state court proceeding.

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." Emphasis added. In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citing *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 575 (5th Cir. 2006); *Housing. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973). *See also*, *Martinez v. El Paso Corp.*, 2011 WL 3606813, at * 2 (W.D. Tex. Aug. 16, 2011) (entity who was not properly made a party in the state court suit "had no power" to remove the action).

Although the language of *De Jongh* appears broad, the situation addressed in *De Jongh* involved the manufacturing of federal subject matter jurisdiction via substitution of a non-diverse defendant. In stating that "[a] non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings," the *De Jongh* court relied on *Housing. Auth. of City of Atlanta, Ga. v. Millwood*, 472 F.2d 268 (5th Cir. 1973) and *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571 (5th Cir. 2006), two cases which also considered whether federal subject matter jurisdiction could be obtained via removal by a non-party. In *Millwood*, defendants sought to join the Secretary of the U.S. Department of Housing and Urban Development ("HUD") but failed to properly serve HUD or move for an order adding HUD as a party in the state court action. Thereafter, HUD removed the suit to federal district court based solely on "removal jurisdiction over HUD." *Id*. at 270. The Fifth Circuit explained that "HUD was not made a party to the suit, a precondition for the district court to have removal jurisdiction under either Title 28, U.S.C., Section 1441 or Section 1442(a)(1)." *Id*. at 272. In *Salazar*, plaintiff, a citizen of Texas, originally sued Allstate Texas, also a citizen of Texas, based on plaintiff's dissatisfaction with the way his insurance claim had been processed. Plaintiff did not sue Allstate Illinois, an Illinois citizen and the entity that had actually underwritten the policy. *Id*. at 572. Allstate Texas removed to federal court and filed a motion to join Allstate Illinois as a defendant and dismiss Allstate Texas, arguing that Allstate Illinois was the proper defendant. *Id*. at 572. The district court granted a motion to add Allstate Illinois and dismissed Allstate Texas, effectively substituting Allstate Illinois (a diverse entity) as the defendant in place of Allstate Texas (a nondiverse entity). *Id*. The Fifth Circuit explained that under *Millwood*, "where an entity has not properly been made a party in state court, removal jurisdiction cannot be premised on its presence in the action." *Id*. at 575 (citing *Millwood*, 472 F.2d at 272). Further, although Fed. R. Civ. P. 21 includes broad language

regarding substitution of parties, "Rule 21 does not allow for substitution of parties to create jurisdiction." *Id*. at 575. "In summary, the suit, as removed, was between two nondiverse parties. The district court accordingly lacked jurisdiction to entertain the suit and had no authority to dismiss Allstate Texas." *Id*.

Similar to the facts of *Salazar*, in *De Jongh*, plaintiff, a Texas resident, sued State Farm Lloyds, Inc. ("Lloyds"), also a Texas resident. *De Jongh*, 555 Fed. Appx. at 436. State Farm Lloyds ("State Farm"), an entity completely diverse from plaintiff, filed an answer asserting it had been incorrectly named as Lloyds. *Id*. However, "State Farm did not move to intervene or otherwise request that the state court substitute it as the proper party in interest." *Id*. Thereafter, State Farm removed the case to federal court on the basis of diversity jurisdiction. The court noted that "[g]enerally, federal courts permit plaintiffs to craft their complaints to avoid federal jurisdiction. This includes a plaintiff's decision as to which parties to sue." *Id*. at 438 (internal citations omitted). Significantly, the court noted that although State Farm argued that plaintiff's "identification of Lloyds in her original petition was analogous to a misnomer and that [State Farm] is the correct defendant in this action…[plaintiff] disputes this characterization; she served notice of her original petition on Lloyds and continues to assert that her claim lies against Lloyds, not State Farm." *Id*. Accordingly, the court found that "State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties in this action…are Texas residents." *Id*. at 438-439. *See also*, *Id*. at 438, n. 4 ("critical to this analysis is the fact that Jongh – the author or the petition – disputes State Farm's assertion that she named Lloyds as a defendant in her original petition in error.").

Unlike the situation in *Salazar* or *De Jongh*, in *Lefort v. Entergy Corp.*, 2015 WL 4937906, at \* 3 (E.D. La. Aug. 18, 2015), federal subject matter was not dependent upon a non-party's treatment as the proper defendant. There, plaintiffs named "AEGIS Insurance Services, Ltd.," a non-existent entity, as a defendant based on plaintiffs' belief that AEGIS Insurance Services, Ltd. was Entergy's insurer. Associated Electric & Gas Insurance Services, Ltd. subsequently removed the action to federal court, asserting that it had been incorrectly named in plaintiff's petition. *Id.* at \* 1. Plaintiffs moved to remand, arguing that the district court lacked jurisdiction because the suit was removed by a non-party and that as "'masters of their complaint,' it should be left to them to make any edits to their pleadings and that the Court cannot effect its own substitution to cure the defect." *Id.* at \* 2. In response, defendants argued that the case was removed "by a mis-named party, not a non-party" and that plaintiffs were "clearly trying to sue Entergy's insurer." *Id.* at \* 2. Although the *Lefort* court considered *De Jongh* and *Salazar*, it found that both cases "effectively addressed" a situation where a district court manufactures "diversity jurisdiction by *sua sponte* substitution where there would otherwise be none." *Id.* at \* 3. In contrast to those cases, in *Lefort*, federal question subject matter jurisdiction existed, and therefore "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case." *Id.* at \* 3. Considering the case presented to be "a simple misnaming mistake on the part of the Plaintiffs," the court held that "[a]bsent controlling authority, this Court will not impose such an illogical reading on what it construes as a procedural defect. To hold otherwise in a case like this would be to immediately call into doubt the jurisdictional bases in an untold number of cases where a minor mistake has been made in naming but both parties are otherwise in concert about the intended party and their involvement in the proceedings." *Id.* at \* 4.

Here, at the time of removal, P&S, Inc. was the named defendant in Plaintiff's Petition for Damages. P&S, Inc. has alleged that it "is a corporation organized under the laws of the State of Alabama and which maintains its principal place of business" in Alabama.[17] In the Amended Petition for Removal, the Removing Parties allege that Plaintiff is a domiciliary of Louisiana, Norman is a domiciliary of Georgia, and Allstate is an Illinois corporation with its principal place of business in Illinois.[18] Accordingly, there was complete diversity among the parties named in Plaintiff's Petition at the time Plaintiff filed the Petition and at the time of removal.

Although Plaintiff has filed a Motion to Remand, Plaintiff has not questioned the assertion that P&S, LLC was erroneously designated as P&S, Inc. and has not challenged the propriety of removal by P&S, LLC rather than P&S, Inc. Further, following removal, P&S, LLC filed an answer wherein it "admit[ted] that Gary F. Norman was the driver of the subject tractor-trailer, that he was an employee of P&S Transportation, LLC within the course and scope of his employment with P&S Transportation LLC at the time of the subject accident, and that both Gary F. Norman and P&S Transportation, LLC were insured under one or more policies of liability insurance at the time of the subject accident."[19] Finally, Plaintiff himself asserts in his memorandum in support of the Motion to Remand that Plaintiff named "P&S Transportation, Inc. and/or P&S Transportation, LLC" in his Petition for Damages.[20] Thus, it appears that P&S, LLC is the proper employer of Norman and that Plaintiff intended to name Norman's employer as a

---

[17] R. Doc. 2.

[18] R. Doc. 1, ¶¶ 23, 24, & 32. As set forth in the following section, as alleged in the Removing Parties' Amended Petition for Removal, P&S, LLC is also completely diverse from Plaintiff. R. Doc. 1, ¶¶ 25-31.

[19] R. Doc. 3, ¶ 10.

[20] R. Doc. 8-1, p. 1. Plaintiff asserts that he "filed his First Supplemental and Amending Petition on August 8, 2016." R. Doc. 8-1, p. 1. However, the state court record attached to the Notice of Removal does not include a First Supplemental and Amending Petition and the list of "all pleadings filed in the state court proceeding" provided by the Removing Parties does not include reference to an amended or supplemental petition. R. Doc. 1-9.

defendant. Under these facts the undersigned would construe the naming of P&S, Inc. as a defendant to be a "a simple misnaming mistake" similar to that addressed in *Lefort* and the subsequent removal by P&S, LLC to be a procedural defect. Moreover, because there appears to be complete diversity between the parties actually named in Plaintiff's Petition, the situation presented here, unlike that set forth in *Salazar* or *De Jongh*, is not one in which substitution of P&S, LLC in the place of P&S, Inc. would result in the manufacturing of diversity.

Because this court has subject matter jurisdiction based on 28 U.S.C. § 1332 based on the parties as named in Plaintiff's Petition for Damages, and because the substitution of P&S, LLC for P&S, Inc. as Norman's employer would not result in the manufacturing of subject matter jurisdiction where such jurisdiction would otherwise be lacking, the undersigned considers the fact that P&S, LLC, rather than P&S, Inc. filed the Notice of Removal to be a misnaming mistake and procedural defect in removal that does not require remand. However, considering the potential confusion between these two entities, in the event this report is adopted and Plaintiff's Motion to Remand denied, the undersigned recommends that P&S, LLC and P&S, Inc. be ordered to jointly file, within seven (7) days of the order adopting this recommendation, a Motion to Substitute P&S, LLC as party defendant, specifically stating whether Plaintiff objects to the proposed substitution.[21]

### c. Allegations of Citizenship

In support of his Motion to Remand, Plaintiff asserts that the original Petition for Removal fails to establish that the parties are completely diverse because the Removing Parties only alleged the residency of Plaintiff and Norman and did not affirmatively assert the citizenship of Allstate.[22]

---

[21] Based on the allegations of citizenship set forth in the Amended Petition for Removal, substitution of P&S, LLC in the place of P&S, Inc. would not destroy complete diversity.

[22] R. Doc. 8-1, pp. 13-14.

In a March 24, 2017 Notice and Order,[23] this court explained that the original Petition for Removal "does not adequately allege the citizenship of the parties for purposes of establishing this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Notice of Removal fails to allege the domicile of each individual[24] and the citizenship of P&S, LLC (via allegations of the citizenship of each member of P&S, LLC).[25] Additionally, the Notice of Removal does not adequately allege the citizenship of Allstate because it does not include an allegation of Allstate's state of incorporation."[26]

28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." The Fifth Circuit has instructed that § 1653 "is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmore v. Victus Ltd.*, 212 F.3d 885, 887 (5th Cir. 2000). *See also*, *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.*, 608 F.2d 145, 146 (5th Cir. 1979) (amendment is permissible where the "original petition for removal…failed to specifically allege the citizenship of the parties at the time

---

[23] R. Doc. 24.

[24] *See*, *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").

[25] *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("the citizenship of a LLC is determined by the citizenship of all of its members."); *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted).

[26] *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (in diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation."). Although the Removing Parties did allege that Allstate was "incorporated under the laws of a state other than the State of Louisiana," when jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged.'" *Mullins v. Testamerica, Inc.*, 300 Fed. Appx. 259, 259 (5th Cir. 2008) (quoting *Getty Oil*, 841 F.2d at 1259). This court has previously held that "allegations phrased in the negative are insufficient." *Truxillo v. American Zurich Ins. Co.*, 2016 WL 6987127, at * 6 (M.D. La. Oct. 24, 2016) (citing *Constance v. Austral Oil Exploration Co., Inc.*, 2013 WL 495779, at * 3 (W.D. La. Feb. 3, 2013)). *See also*, *Compass Bank v. Sun Valley Motor Hotel, Ltd.*, 2014 WL 12605575, at * 2 (S.D. Tex. Feb. 21, 2014) ("the *Getty Oil* court did not require negative allegations of corporate citizenship; it condemned them."). Further, although Allstate was ultimately dismissed from the case, the allegations of Allstate's citizenship are still necessary to determine whether subject matter jurisdiction existed at the time this case was removed (when Allstate was a party).

the suit was brought and at the time the removal petition was filed."). Pursuant to the court's March 27, 2017 Notice and Order,[27] the Removing Parties filed a Motion to Substitute Amended Petition for Removal on April 3, 2017[28] which was granted on April 4, 2017.[29] Therein, the Removing Parties allege that Plaintiff is a domiciliary of Louisiana and that the individual defendant, Norman, is a domiciliary of Georgia.[30] The Removing Parties additionally allege that P&S, LLC's sole member is P&S Acquisition, LLC; P&S Acquisition, LLC's sole member is PS Logistics, LLC; and PS Logistics, LLC's members are WPC Transport Partners, LLC; Robbie Pike; and Scott Smith.[31] The Removing Parties further allege that Mr. Pike is a domiciliary of Florida, Mr. Smith is a domiciliary of Alabama, and that the members of WPC Transport Partners, LLC are John Henry Moulton (alleged to be a New York domiciliary), Jim Martell (alleged to be a Florida domiciliary), and J.J. Schickel (alleged to be a Florida domiciliary).[32] Finally, the Removing Parties allege that Allstate is incorporated under the laws of Illinois and has its principal place of business in Illinois.[33] Accordingly, per the Amended Petition for Removal, the Removing Parties have adequately alleged the complete diversity of the parties and the undersigned therefore recommends that Plaintiff's Motion to Remand based on allegedly deficient allegations of citizenship be DENIED.

---

[27] R. Doc. 24.

[28] R. Doc. 27.

[29] R. Doc. 29.

[30] R. Doc. 1, ¶¶ 23 & 24.

[31] R. Doc. 1, ¶¶ 26, 28, & 30.

[32] R. Doc. 1, ¶¶ 30 & 31.

[33] R. Doc. 1, ¶ 32.

### d. Abstention

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction….'" *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "*Colorado River* abstention is a narrow exception to a federal court's 'virtually unflagging' duty to adjudicate a controversy that is properly before it. Under this doctrine, a federal court may abstain only under 'exceptional circumstances.'" *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (internal citations omitted).[34]

"As an initial step prior to application of the *Colorado River* factors," this court must consider whether the state and federal proceedings "are sufficiently parallel to make consideration of abstention proper." *African Methodist*, 756 F.3d at 797. *See also*, *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006) ("*Colorado River* applies when suits are parallel, having the same parties and the same issues.") (citing *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 540 (5th Cir.2002); *Parham v. Nationstar Mortgage*, 2016 WL 4402046, at * 2 (W.D. La. Aug. 17, 2016) ("Before determining whether abstention under *Colorado River* is warranted, a Court must assure itself that it is dealing with parallel actions."). The Fifth Circuit has "identified parallel actions as those 'involving the same parties and the same issues;'" however, it has also noted that "'it may be that there need not be applied in every instance a mincing insistence on precise identity' of the parties and issues." *African Methodist*, 756 F.3d at 797 (quoting *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987)). In making the determination of whether there is parallelism, "we look to both the named parties and to the

---

[34] Plaintiff recognizes that "abstention should be the exception, not the rule;" however, Plaintiff contends this suit presents extraordinary circumstances supporting abstention. R. Doc. 8-1.

substance of the claims asserted in each proceeding.'"  *Id.  See also*, *Id.* at 798 n. 36 (citing *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985) ("In analyzing whether a dismissal or stay will further the interest in avoiding piecemeal litigation, we look not for formal symmetry between the two actions, but for a substantial likelihood that the state litigation will dispose of all claims presented in the federal case.").

Here, Plaintiff asserts that the instant suit and the *Henry* Suit are parallel because "both suits name the same parties as defendants, arise out of the same single automobile accident and name Kedrick Byrd as the driver of Stacy Henry's 2013 BMW 328. Hence, the suits are identical with the exception of Plaintiff being the husband in one suit, versus the wife in another."[35]  Plaintiff argues that "[c]learly the separate petitions of Kedrick Byrd and his wife Stacy Henry involve the same parties and the same issues. They name identical defendants and involve the same accident that occurred on the same date. There are other similarities, but there is no need to reiterate every one as it is clear from the face of each petition that they are parallel."[36]  However, the undersigned finds that the instant suit and the *Henry* Suit are not parallel. Each suit involves a different plaintiff and while the named defendants may be the same and each suit may arise out of the same vehicular accident, the claims themselves are discrete. Resolution of the *Henry* Suit will not dispose of any of the claims set forth in the instant suit.  *See*, *African Methodist*, 756 F.3d at 798 (finding suits to be parallel where eviction proceeding would "necessarily dispose of all claims asserted by AME in the federal action.").  *See also*, *Lumen Const., Inc.*, 780 F.2d at 695.  While Plaintiff is correct that this Circuit does not require "a mincing insistence on precise identity" of the parties and issues, here, the court views Mr. Byrd's lawsuit and his alleged wife's lawsuit as separate matters

---

[35] R. Doc. 8-1, p. 2.

[36] R. Doc. 8-1, p. 8.

involving two separate plaintiffs. The fact that both suits purportedly involve the same underlying accident does not dictate a finding that the two suits are parallel. *See*, *Hartford Accident & Indem. Co. v. Costa Lines Cargo Services, Inc.*, 903 F.2d 352, 360 (5th Cir. 1990) (finding compensation insurer's suit against alleged third-party tortfeasors for reimbursement of benefits paid to injured worker and in which injured worker was joined as a defendant was not parallel to worker's state court action in which insurer had intervened and explaining that "although both cases involve the same underlying episode and entail significant overlapping proof, they concern independent wrongs. Moreover, the parties in the actions are disparate."); *RepublicBank Dallas Nat. Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (finding suit by noteholder against guarantors was not parallel to state court action against the limited partnership to collect the note and foreclose on the real property despite fact that guarantors were also the general partners in the limited partnership and explaining that "the general subject matter of the two actions is the same, and…the validity of the promissory note is a common issue between them. The other issues are disparate, however, and the parties are not the same.").

Moreover, even if this court assumed *arguendo* that this suit and the *Henry* Suit are parallel, the undersigned finds that the *Colorado River* factors would not support abstention. In this Circuit, after determining that the suits at issue are parallel, courts considering abstention under *Colorado River* look to six relevant factors: (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *See*, *Stewart*, 438 F.3d at 491; *African Methodist*, 756 F.3d at 798. "We do not apply these factors mechanically, but carefully balance them 'with

the balance heavily weighted in favor of the exercise of jurisdiction.'" *Stewart*, 438 F.3d at 492

(citing *Moses H. Cone Mem. Hosp. Mercury Constr. Corp.*, 460 US 1, 16 (1983)).

As to the first factor, assumption by either court of jurisdiction over a res, Plaintiff

recognizes that "neither state nor federal court has assumed jurisdiction over any res in this case."[37]

The Fifth Circuit has "rejected the contention that the absence of this factor is 'a neutral item, of

no weight in the scales.'" *Stewart*, 438 F.3d at 492 (citing *Evanston Ins. Co. v. Jimco, Inc.*, 844

F.2d 1185, 1191 (5th Cir. 1988)). Instead, where neither court has assumed jurisdiction over a

piece of property, "[t]his factor supports exercising federal jurisdiction." *Id.*[38]

With regard to the second factor, the relative inconvenience of the forums, Plaintiff

recognizes that "the state court and the District Court are in adjoining parishes" and that "[g]iven

that the parishes are adjacent to one another, this factor traditionally weighs against abstention."[39]

However, Plaintiff contends that because the accident occurred in West Baton Rouge Parish that

parish is a more convenient forum. The Fifth Circuit has instructed that "[w]hen courts are in the

same geographic location, the inconvenience factor weighs against abstention." *Stewart*, 438 F.3d

at 492 (5th Cir. 2006). Moreover, the ultimate question "is whether the inconvenience of the

federal forum is so great that this factor points toward abstention." *Evanston*, 844 F.2d at 1192.

While the undersigned recognizes that as the scene of the accident, a state court located in West

Baton Rouge parish may be slightly more convenient, Plaintiff has not shown that proceeding in

this court would be greatly inconvenient. As such, this factor weighs against abstention. *See*,

*Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000) ("The federal and

state courts are in approximately the same geographic location within the state. This factor

---

[37] R. Doc. 8-1, p. 9.

[38] Plaintiff recognizes that this factor "actually weighs in favor of exercising federal jurisdiction." R. Doc. 8-1, p. 9.

[39] R. Doc. 8-1, p. 9.

therefore weighs against abstention."); *Parham*, 2016 WL 4402046, at * 3 ("Because the state court and this Court are located in adjoining parishes, neither forum is more convenient than the other. Consequently, the second factor weighs against abstention."). *See also*, *African Methodist*, 756 F.3d at 800 ("The additional half-hour's drive makes the federal forum only slightly less convenient, and this inconvenience is minor compared to the 300-mile distance found 'significant' in *Colorado River*….").

Considering the third factor, avoidance of piecemeal litigation, the Fifth Circuit has clarified that "'[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination.'" *Black Sea*, 204 F.3d at 650 (citing *Evanston*, 844 F.2d at 1192). "*Duplicative* litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea*, 204 F.3d at 650-651. As discussed above, Plaintiff acknowledges that no court has assumed jurisdiction over any res. However, Plaintiff contends that because the policy of liability insurance issued to P&S, LLC is an occurrence based policy, "Mr. Byrd and his wife Stacy Henry in the best case scenario are limited to in the [sic] sharing in whatever they recover. Nevertheless, in the worst case scenario, Mr. Byrd or Stacy Henry could possibly recover all of the policy limits with exclusion of any recovery to the other party. To avoid inconsistent recoveries, the state court in which both suits were initially filed would be the adequate forum to provide the most equitable relief to Mr. Byrd and his wife Stacy Henry."[40] Although Plaintiff may be correct that any recovery

<hr/>

[40] R. Doc. 8-1, p. 10. Plaintiff also argues that "[t]he state court will more than likely consolidate these cases upon remand" and that "[j]udicial economy would be served if upon remand these cases would be consolidated given the similarities of the parties, law and issues predominating both lawsuits." R. Doc. 8-1, p. 11. However, the undersigned notes that it was Plaintiff and his alleged wife who presumably chose to file separate lawsuits in state court. Moreover,

by one plaintiff may erode funds available for recovery by the other, Plaintiff has not cited, and the court is unaware of any authority, supporting Plaintiff's position that such concern falls within the third *Colorado River* factor. As explained by the Fifth Circuit, the real concern at issue when considering the third factor is the risk of inconsistent rulings with regard to a piece of property. *Black Sea*, 204 F.3d at 650-651. "When, as here, no court has assumed jurisdiction over a disputed res, there is no such danger. This factor therefore weighs against abstention." *Id.* at 651.

As to the fourth factor, the order in which jurisdiction was obtained by the concurrent forums, Plaintiff contends that "[t]he state court obtained jurisdiction first in this matter because both plaintiffs in their respective suits filed in the state court….Further, no action has been made to remove the parallel suit…."[41] As explained above, the undersigned does not find the instant suit to be parallel to the *Henry* Suit. Moreover, even assuming parallelism, the Fifth Circuit has instructed that this factor "'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *Black Sea*, 204 F.3d at 651 (citing *Moses H. Cone Mem. Hosp. Mercury Constr. Corp.*, 460 US 1, 21 (1983)). Plaintiff provides no indication of the progress of the *Henry* Suit in state court, and has not controverted the Removing Parties' contention that both suits are in the early stages.[42] Accordingly, the undersigned finds that this factor weighs against abstention. *See*, *Black Sea*, 204 F.3d at 651 ("As the state and federal suits are proceeding at approximately the same pace, this factor weighs against abstention.").

---

even assuming Plaintiff is correct that these suits would be consolidated by the state court, as discussed above, "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination." *Evanston*, 844 F.2d at 1192.

[41] R. Doc. 8-1, p. 11.

[42] *See*, R. Doc. 15, p. 8 ("because the litigation in this forum and the state court forum have yet to begun [sic] discovery, equal progress of the cases weigh against" abstention).

With regard to the fifth factor, the extent to which federal law provides the rules of decision on the merits, the Fifth Circuit has instructed that "the presence of state law issues weighs in favor of surrender [of jurisdiction] only in rare circumstances." *Evanston*, 844 F.2d at 1193. Plaintiff argues that he had not made a federal claim and that Louisiana state tort law "is adequate to provide Mr. Byrd with the relief that he seeks in his Petition for Damages."[43] However, Plaintiff does not explain how his suit is a "rare circumstance" in which the presence of only state law claims weighs in favor of abstention. Indeed, this court regularly considers state tort law claims. Accordingly, the undersigned finds that this factor is, at most, neutral. *See*, *Stewart*, 438 F.3d at 493 ("This case involves only issues of state law as it is being heard by the court under its diversity jurisdiction. Nonetheless, the Appellee has failed to show that 'rare circumstances' exist. Therefore, this factor is 'at most neutral.'") (internal citations omitted). *See also*, *Parham*, 2016 WL 4402046, at * 4 ("Under Fifth Circuit precedent, this factor is either neutral or weighs against abstention; it generally cannot weigh in favor of abstention.").

Finally, as to the sixth factor, the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction, this factor "like the fifth factor, can be neutral or weigh against abstention, but it cannot support abstention." *Parham*, 2016 WL 4402046, at * 4. *See also*, *Evanston*, 844 F.2d at 1193 (explaining that "it is clear from its nature that [this factor] can only be a neutral factor or one that weighs against, not for, abstention. A party who could find adequate protection in state court is not thereby deprived of its right to the federal forum, and may still pursue the action there since there is no ban on parallel proceedings."); *African Methodist*, 756 F.3d at 801 ("We have made clear that the sixth factor, like the fifth, can only be neutral or

---

[43] R. Doc. 8-1, p. 12.

weigh against abstention; it cannot weigh in favor of abstention."). Accordingly, the undersigned finds that this factor does not weigh in favor of abstention.

Because the undersigned does not find the instant suit and the *Henry* Suit to be parallel, and because, even assuming *arguendo*, such parallelism existed, none of the factors outlined above weigh in favor of abstention, the undersigned recommends that Plaintiff's Motion to Remand based on abstention under *Colorado River* be DENIED.

### e. Attorney Fees

Finally, Plaintiff seeks an award of costs and expenses, including attorney's fees, incurred in preparing the Motion to Remand. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Because the undersigned recommends that the Motion to Remand be denied, the undersigned further recommends that Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) also be DENIED.

## III. Conclusion

For the reasons set forth herein, it is the undersigned's recommendation that Plaintiff's Motion to Remand[44] be **DENIED**.

Because the undersigned recommends that the Motion to Remand be denied, the undersigned further recommends that Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) also be **DENIED**.

In the event this report is adopted and Plaintiff's Motion to Remand denied, the undersigned further **RECOMMENDS** that: (1) this matter be referred to the undersigned for a scheduling conference; and (2) P&S, LLC and P&S, Inc. be ordered to jointly file, within seven

---

[44] R. Doc. 8.

(7) days of the order adopting this recommendation, a Motion to Substitute P&S, LLC as a party defendant, specifically stating whether Plaintiff objects to the proposed substitution.

Signed in Baton Rouge, Louisiana, on April 10, 2017.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**