UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEDRICK BYRD

VERSUS

GARY F. NORMAN, ET AL.

CIVIL ACTION

NO. 16-563-JWD-EWD

**<u>NOTICE AND ORDER</u>**

Before the court is a Motion for Leave to File Third Amending Petition for Damages for Personal Injuries (the "Motion for Leave") filed by Plaintiff, Kedrick Byrd ("Plaintiff").[1] Per Plaintiff's Memorandum in Support of his Motion for Leave, Plaintiff seeks to amend his "original, first and second petition"[2] "to substitute the names of the correct insurers for the defendant named 'ABC Insurance Company'[3] and to correct a named defendant, 'P&S Transportation, LLC', which was erroneously named as 'P&S Transportation, Inc.'"[4] With regard to the proposed insurer defendants, Plaintiff explains that "[a]t the time of the filing of the original petition, the correct insurers were not known to the plaintiff, and only after reviewing answers to the Requests for Production, did the plaintiff become aware of the names of the insurers."[5]

Plaintiff does not state whether there is any opposition to the filing of his proposed Third Amending Petition for Damages for Personal Injuries. Further, it is the undersigned's practice to

---

[1] R. Doc. 35.

[2] As noted in the undersigned's previous Report and Recommendation (R. Doc. 30), although Plaintiff asserted that he filed a First Supplemental and Amending Petition on August 8, 2016, the state court record attached to the Notice of Removal does not include a First Supplemental and Amending Petition and the list of "all pleadings filed in the state court proceeding" provided by the Removing Parties does not include reference to an amended or supplemental petition. R. Doc. 1-9. Likewise, the record does not include a second amending petition.

[3] Plaintiff's original Petition for Damages for Personal Injuries does not name "ABC Insurance Company" as a defendant. R. Doc. 1-10. However, Plaintiff did allege that defendant Gary Norman "was insured by a policy of liability insurance issued by an insurance company to be determined during the discovery of this matter…" R. Doc. 1-10, ¶ 10.

[4] R. Doc. 35-2, p. 1. On April 25, 2017, the court ordered P&S Transportation, LLC and P&S Transportation, Inc. to jointly file a motion to substitute P&S Transportation, LLC as a party defendant. R. Doc. 33. A Motion to Substitute Party Defendant was filed by P&S Transportation, Inc. and P&S Transportation, LLC on May 1, 2017 and that motion is pending. R. Doc. 36.

[5] R. Doc. 35-2, p. 1.

1

require amending pleadings to be comprehensive (*i.e.*, a pleading must include all of Plaintiff's active allegations and causes of action and may not incorporate by reference, refer to, or otherwise depend upon a previous pleading). Plaintiff's proposed pleading is not comprehensive and instead Plaintiff "renews and reiterates all the allegations above and all the prayers of his original, first and second amending petition" and prays "for all of the relief originally sought in the prayers of the original, first and second amending petitions."[6]

Finally, Plaintiff's proposed pleading does not adequately allege the citizenship of the parties. Per his proposed pleading, Plaintiff seeks to add Zurich American Insurance Company ("Zurich"), American Guarantee and Liability Insurance Company ("American"), and P&S Insurance Risk Retention Group, Inc. ("P&S Insurance") as defendants.[7] Proper information regarding the citizenship of these proposed defendants is necessary to confirm this court's diversity jurisdiction. For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). To properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted). In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the

---

[6] R. Doc. 35-1, ¶ II. The undersigned notes this is especially problematic given that the purported first and second amending petitions do not appear in the record.

[7] R. Doc. 35-1, ¶ 1.

2

principal place of business of each corporation." *See*, *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). Plaintiff must explicitly allege the type of business entity (*i.e.*, corporation or unincorporated association) each proposed defendant is and must set forth the citizenship of Zurich, American, and P&S Insurance according to the rules set forth herein for determining that particular type of entity's citizenship.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff, Kedrick Byrd, shall file, within seven (7) days of this Notice and Order, a Motion to Substitute his proposed Third Amending Petition for Damages for Personal Injuries (R. Doc. 35-1) with a proposed pleading that: (1) is comprehensive (*i.e.*, a proposed pleading that does not incorporate by reference or refer to any previous pleading and which includes all relevant allegations as revised, supplemented or amended such that it will become the operative pleading if leave of court to file the amended pleading is granted); and (2) sets forth the citizenship of Zurich American Insurance Company, American Guarantee and Liability Insurance Company, and P&S Insurance Risk Retention Group, Inc. ("P&S Insurance").

**IT IS FURTHER ORDERED** that Plaintiff shall state in his Motion to Substitute whether defendants object to the filing of the proposed amending petition. No further leave of court shall be required to file the Motion to Substitute as ordered herein.

Signed in Baton Rouge, Louisiana, on May 2, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**