KEDRICK BYRD

CIVIL ACTION

VERSUS

NO. 16-563-JWD-EWD

GARY F. NORMAN, ET AL.

CONSOLIDATED WITH

STACY HENRY

CIVIL ACTION

VERSUS

NO. 17-471-JWD-EWD

GARY F. NORMAN, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 14, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

KEDRICK BYRD

CIVIL ACTION

VERSUS

NO. 16-563-JWD-EWD

GARY F. NORMAN, ET AL.

CONSOLIDATED WITH

STACY HENRY

CIVIL ACTION

VERSUS

NO. 17-471-JWD-EWD

GARY F. NORMAN, ET AL.

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand and for Costs and Expenses (the "Motion to Remand") filed by Plaintiff, Stacy Henry ("Henry" or "Plaintiff").[1]  Defendants, P&S Transportation, LLC and Gary F. Norman (the "Removing Defendants"), have filed an opposition to the Motion to Remand.[2]  Henry has filed a Reply,[3] and the Removing Defendants have filed a Sur-Reply.[4]

For the reasons set forth herein, the undersigned RECOMMENDS[5] that the Motion to Remand be GRANTED, that Henry's suit be SEVERED from the suit with which it was previously consolidated, *Byrd v. P&S Transportation, LLC, et al.*, Civil Action No. 16-563, and that Henry's suit be remanded to the 18th Judicial District Court, West Baton Rouge Parish, Louisiana.  The

---

[1] R. Doc. 53.

[2] R. Doc. 59.

[3] R. Doc. 63.

[4] R. Doc. 65.

[5] The Fifth Circuit has held that "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016).

undersigned further RECOMMENDS that Henry's request for an award of fees and expenses pursuant to 28 U.S.C. § 1447(c) be DENIED.

## I.     Background

On July 22, 2016, Henry filed suit in state court against Allstate Property and Casualty Insurance Company ("Allstate"), Gary F. Norman ("Norman"), and "P&S Transportation, LLC and/or P&S Transportation, Inc." ("P&S") arising out of injuries allegedly sustained in an August 7, 2015 automobile accident.[6] Henry alleges that at the time of the accident, she was a passenger in her vehicle which was being driven by her husband, Kedrick Byrd ("Byrd"), "in an east bound direction in the left lane of I-10 in West Baton Rouge Parish, Louisiana."[7] Henry further alleges that Norman was operating a 2016 Peterbuilt tractor and a fully loaded 2013 utility flatbed trailer on behalf of P&S Transportation "when suddenly and without warning he struck [Plaintiff's vehicle] in the rear."[8] Plaintiff alleges that the accident was caused by the negligence of Norman and/or P&S Transportation.[9] Alternatively, Plaintiff contends that the accident was caused by the fault and/or negligence of Byrd based on Byrd's alleged failure to maintain control of Plaintiff's vehicle, keep a proper lookout, "see what he should have seen under the circumstances," yield the right of way, and "do what he should have done under the circumstances."[10] Due to spousal

---

[6] *Stacy Henry v. Gary F. Norman, et al.*, No. 17-471, United States District Court, Middle District of Louisiana, R. Doc. 1-2. On July 13, 2016, Henry's husband, Kedrick Byrd, also filed suit against P&S Transportation, Inc., Norman, and Allstate for injuries arising out of the August 7, 2015 accident. *Kedrick Byrd v. Gary F. Norman, et al.*, No. 16-563, United States District Court, Middle District of Louisiana. In Byrd's suit, P&S Transportation, LLC admitted that it was Norman's employer at the time of the accident. R. Doc. 3, ¶ 10. Byrd subsequently amended his complaint to assert a claim against P&S Transportation, LLC and drop his claim against P&S Transportation, Inc. R. Doc. 43. On August 7, 2017, Henry's suit was consolidated with Byrd's suit based on the court's determination that both cases present common issues of law and fact. R. Doc. 51. Following consolidation, all filings related to the instant Motion to Remand were filed in the lead case, No. 16-563.

[7] No. 17-471, R. Doc. 1-2, ¶¶ 4, 6, 7, & 17.

[8] No. 17-471, R. Doc. 1-2, ¶ 18.

[9] No. 17-471, R. Doc. 1-2, ¶¶ 22-23.

[10] No. 17-471, R. Doc. 1-2, ¶ 24. *See also*, No. 17-471, R. Doc. 1-2, ¶ 28 ("Alternatively, at all times pertinent hereto, Kedrick Byrd is liable for past, present and future injuries and Damages to STACY HENRY, caused by the fault

immunity provided by Louisiana statute, Henry did not sue Byrd;[11] however, Henry did assert a

claim against Allstate in its capacity as Byrd's liability insurer for injuries allegedly caused by the

fault of Byrd.[12]

On July 21, 2017, P&S and Norman (the "Removing Defendants") removed Henry's suit

to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[13]  Henry and the Removing

Defendants agree that, for purposes of Henry's liability claim against Allstate, Allstate "takes on

the citizenship of its insured pursuant to 28 U.S.C. § 1332(c)(1)."[14]  In such a capacity, Allstate is

not diverse from Henry.[15]  However, the Removing Defendants contend that complete diversity

between the properly joined parties exists and assert that the deposition testimony of Henry, Byrd,

---

[11] Pursuant to La. R.S. § 9:291, "[s]pouses may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code; for restitution of separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart."  The parties agree that Byrd cannot be named as a defendant by Henry.  No. 17-471, R. Doc. 1, p. 2, n. 1 ("To clarify, Byrd is not a named defendant in this matter.  Nor can he be, due to the spousal privilege of La. Rev. Stat. § 9:291.");  No. 16-563, R. Doc. 53-1, p. 7 ("Kedrick Byrd is not a named defendant in this lawsuit—his wife could not sue him due to spousal immunity in La. R.S. 9:291.").

[12] No. 17-471, R. Doc. 1-2, ¶ 29 ("At all times pertinent hereto, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY issued a policy of insurance to STACY HENRY and the HENRY VEHICLE that was in full force and effect on the day of the Accident, providing Kedrick Byrd with liability insurance coverage as an omnibus insured in the amount of $15,000 for the past, present and future Injuries and Damages sustained by STACY HENRY, caused by the fault of Kedrick Byrd while operating the HENRY VEHICLE with the permission of the vehicle's owner.");  ¶ 30 ("At all times pertinent hereto, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, in its capacity as the insurance carrier of STACY HENRY  and/or the HENRY VEHICLE…is liable for past, present and future Injuries and Damages sustained by STACY HENRY, caused by the fault of Kedrick Byrd and with policy limits of $15,000.").

[13] No. 17-471, R. Doc. 1.

[14] No. 17-471, R. Doc. 1, p. 1, n. 1.  No. 16-563, R. Doc. 53-1, p. 13 ("Ms. Henry filed a direct action against Allstate in its capacity as Byrd's insurer by virtue of his status as a permissive driver/omnibus insured.  In that capacity, as defendants admit, Allstate takes on the citizenship of its insured pursuant to 28 U.S.C. § 1332(c)(1).").  28 U.S.C. § 1332(c)(1)(A) provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—(A) every State and foreign state of which the insured is a citizen."

[15] In her Petition for Damages, Henry alleges that she is a Louisiana domiciliary.  Similarly, per the Notice of Removal filed in the main action, "Kedrick Byrd is domiciled in and is a resident of the Parish of Rapides (Lecompte), State of Louisiana."  No. 15-563, R. Doc. 1, ¶ 23.

and Norman "all taken between July 5-7, 2017, confirm the lack of any viable claim against the only non-diverse defendant, Allstate, in its capacity as the insurer of Plaintiff's husband and driver of the vehicle, Kedrick Byrd."[16]  The Removing Defendants contend that Henry has improperly joined Allstate as a non-diverse defendant and assert that Henry's "representations made in the Petition regarding the fault of Byrd in the accident at issue constitute actual fraud in the pleading of jurisdictional facts, as they concealed the true citizenship of defendant Allstate."[17]  Additionally, the Removing Defendants argue that there is improper joinder here because Henry is unable to establish a cause of action against Allstate as a non-diverse defendant.[18]

On August 18, 2017 Plaintiff filed the instant Motion to Remand.[19]  Therein, Henry asserts that remand is proper because the Removing Defendants' removal was "untimely filed 364 days after plaintiff filed her Complaint in state court."[20]  Henry additionally argues that she has "stated a cause of action in her Complaint against her husband, Allstate's insured, under Louisiana law" such that the Removing Defendants have failed to meet their heavy burden of establishing improper joinder.[21]  Finally, Henry asserts that remand is appropriate because "Plaintiff's claim against Allstate does not and cannot meet the $75,000 jurisdictional minimum."[22]

---

[16] No. 17-471, R. Doc. 1, p. 1.   In addition to naming Allstate as a liability carrier, Henry also asserts a claim against Allstate "in its capacity as property damage carrier of STACY HENRY, for property damage and damage to the HENRY VEHICLE in the amount of $2000…."  No. 17-471, R. Doc. 1-2, Prayer for Relief.  The Removing Defendants assert that in its capacity as Henry's property damage carrier, Allstate is a foreign corporation incorporated in Illinois with its principal place of business in Illinois.  No. 17-471, R. Doc. 1, ¶ 20.  In the Notice of Removal, the Removing Defendants additionally allege that Norman is a domiciliary of Georgia and that P&S Transportation, LLC is a citizen of Florida, Alabama, and New York based on the citizenship of the LLC's members.  No. 17-471, R. Doc. 1, ¶¶ 12-19.  Accordingly, with the exception of Allstate as Byrd's liability insurer pursuant to 28 U.S.C. § 1332(c)(1)(A), the parties to the *Henry* suit are completely diverse.

[17] No. 17-471, R. Doc. 1, ¶ 30.

[18] No. 17-471, R. Doc. 1, ¶¶ 31-35.

[19] R. Doc. 53.

[20] R. Doc. 53, p. 1.

[21] R. Doc. 53, p. 1.

[22] R. Doc. 53, p. 2.

## II. Law and Analysis

### a. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co*., 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc*., 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

### b. The Removal Was Not Untimely

The Removing Defendants assert that "Henry's July 5, 2017 deposition was the first event from which the Removing Defendants were able to ascertain that the non-diverse Defendant…was improperly joined in this matter" and therefore the Notice of Removal was timely filed pursuant to 28 U.S.C. § 1446(b)(3).[23] Plaintiff contends that the removal was untimely because the Notice of Removal was filed 364 days after the filing of Plaintiff's state court Petition and argues that the

---

[23] R. Doc. 1, ¶ 5.

depositions relied upon by the Removing Defendants do not meet the "other paper" requirement of § 1446(b)(3).[24]

Pursuant to 28 U.S.C. § 1446(c)(1), "[a] case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Plaintiff complains of the Removing Defendants' "extreme delay" in removing this suit 364 days after Plaintiff's commencement of the action in state court.[25] However, because the removal was filed within a year of commencement, it was not untimely pursuant to 28 U.S.C. § 1446(c)(1).[26]

In addition, 28 U.S.C. § 1446(b)(3) provides:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

With respect to triggering the thirty day time period for removal from the defendant's receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," the Fifth Circuit has explained that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be 'unequivocally clear and certain' to start the time limit running for a notice of removal under the second paragraph of section 1446(b). This clearer threshold promotes judicial economy.

---

[24] R. Doc. 53-1, p. 10.

[25] R. Doc. 53-1, p. 7.

[26] To the extent Plaintiff asserts that "Defendants did not file Allstate's consent to removal until July 24, 2017," R. Doc. 53-1, p. 1, as a basis for establishing the removal was untimely, a review of the docket indicates that Allstate's consent to removal was originally filed as an exhibit to the July 21, 2017 Notice of Removal and was subsequently docketed separately on July 24, 2017 by the clerk's office. No. 17-471, R. Docs. 1 & 2.

It should reduce 'protective' removals by defendants faced with an equivocal record." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). This court has explained that "the standard for triggering removal based upon a subsequent 'amended pleading, motion, order, or other paper,' as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30 day period for removal based on an initial pleading, as provided in § 1446(b)(1)." *Scott v. Office Depot, Inc.*, Civil Action No. 14-791, 2015 WL 2137458, at * 4 (M.D. La. May 7, 2015).

Although Plaintiff disputes the Removing Defendants' assertion that Henry's deposition "was the first event from which the Removing Defendants were able to ascertain that the non-diverse Defendant identified below was improperly joined in this matter,"[27] Plaintiff has not asserted that the thirty day period to remove was purportedly triggered on an earlier date. Instead, Plaintiff argues that the deposition testimony was not "unequivocally clear and certain" and that removal was untimely because it was filed 364 days after commencement of the state court action. As discussed above, the removal was within the one year time period set forth in 28 U.S.C. § 1446(c)(1). Assuming, *arguendo*, that the Removing Defendants are correct that the July 5, 2017 deposition testimony was the first time it could be ascertained that the non-diverse defendant was improperly joined, the Removing Defendants removed this suit on July 21, 2017 – within the required thirty day time period. Alternatively, assuming that this deposition testimony was not unequivocally clear and certain sufficient to trigger the removal period set forth in 28 U.S.C. § 1446(b)(3), the thirty day period for removal set forth in 28 U.S.C. § 1446(b)(3) was not triggered. *See*, *Scott*, 2015 WL 2137458, at * 5 (thirty day removal period not triggered by plaintiff's discovery responses and deposition testimony because defendants would have to "speculate or conduct their own additional investigation" as highlighted by the parties' competing quantum

---

[27] No. 17-471, R. Doc. 1, ¶ 5.

cases, to determine whether amount in controversy was satisfied based upon plaintiff's characterizations of her injuries and number of steroid injections received). Under the first scenario, the Removing Defendants' removal was timely and under the second scenario, it was early. However, in either case, it was not untimely.

### c. Defendants Have Not Met Their Heavy Burden of Proving Allstate, As A Non-Diverse Defendant, Was Improperly Joined

The party seeking removal based on improper joinder of a non-diverse defendant bears a "heavy" burden of proving that the joinder was improper. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). To meet its burden, the removing party must show (1) an actual fraud in the pleading of jurisdictional facts, or (2) an inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id*. at 646-47.

First, the Removing Defendants assert that there has been "actual fraud in the pleading of jurisdictional facts."[28] Specifically, the Removing Defendants argue that Plaintiff's allegations that Byrd was at fault and/or negligent were made "in order to conceal the true and proper citizenship of defendant Allstate for the purpose of defeating diversity jurisdiction."[29] The Removing Defendants further assert that Henry's allegations that Byrd was at fault "were corrected in deposition by Henry…."[30]

The Removing Defendants' argument that there has been actual fraud in the pleading of jurisdictional facts is a reiteration of their position that Henry's deposition testimony established no possible cause of action against Byrd. This is not the sort of "actual fraud in the pleading of jurisdictional facts" that would support a finding of improper joinder. *Compare*, *Augustine v.*

---

[28] No. 17-471, R. Doc. 1, ¶ 30.

[29] No. 17-471, R. Doc. 1, ¶ 28.

[30] No. 17-471, R. Doc. 1, ¶ 29.

*Employers Mut. Cas. Co.*, No. 08-cv-1102, 2010 WL 4930317 (W.D. La. Nov. 30, 2010) (finding actual fraud in the pleadings where original petition alleged defendant was a "Louisiana sole proprietor" but also requested service on defendant via the Louisiana long arm statute and plaintiffs conceded in brief that they knew defendant was not a resident of Louisiana at the time of filing). Accordingly, the undersigned considers whether the Removing Defendants can establish improper joinder pursuant to the second approach, *i.e.*, by establishing Plaintiff's inability to state a cause of action against the non-diverse party in state court. *Travis*, 326 F.3d at 646-47.

Under the second approach, "the test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573-74 (5th Cir. 2004). The court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the plaintiff. *Travis*, 326 F.3d at 649. If the court concludes that the plaintiff has any "possibility of recovery against the party whose joinder is questioned" then joinder is proper and the case must be remanded for lack of subject matter jurisdiction. *Id*. The Fifth Circuit has explained that to determine whether a plaintiff has a reasonable basis of recovery under state law, a court can resolve the issue in one of two ways. *Smallwood*, 385 F.3d at 573. "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. (citations omitted). However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district

court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id.* (citation omitted).

### i. Plaintiff Has Stated A Claim Against Allstate Under A 12(b)(6)-Type Analysis

In her Petition for Damages, Henry alleges that the August 7, 2015 accident was caused by the fault and/or negligence of Norman, P&S, and/or Byrd. This court has previously explained that "[u]nder Louisiana's comparative fault statute, multiple defendants can be held liable for a single accident to varying degrees of comparative fault based on their degree or percentage of fault." *Higginbotham v. Donald*, Civil Action No. 13-646, 2014 WL 1922773, at * 4 (M.D. La. May 14, 2014). In *Higginbotham*, plaintiff filed suit against both the non-diverse driver of the vehicle in which she was a passenger and the driver of the other vehicle which allegedly came into her vehicle's lane and caused her vehicle to flip. This court found that the non-diverse defendant was properly joined pursuant to a 12(b)(6)-type inquiry because under Louisiana's comparative fault statute, plaintiff had "the possibility of recovery" against both drivers. *Id.* This court further explained that "[w]hile factual issues remain regarding whether [the non-diverse driver's] acts were a substantial factor in the accident and, if so, whether and to what degree [that driver] should be held at fault for the accident, resolution of those issues for purposes of determining jurisdiction would entail the detailed inquiry cautioned against by the Fifth Circuit." *Id.*

Similarly, Louisiana courts have assigned a percentage of fault based on the negligence of the lead driver in suits arising out of rear-end collisions. *See*, *Mart v. Hill*, 505 So.2d 1120, 1123-24 (La. 1987) (finding both lead and following driver negligent and apportioning fault); *McKinley v. Bekins Moving & Storage Co., Inc.*, No. 83-CA-627, 449 So.2d 705, 706 (La. App. 5 Cir. April 9, 1984) (explaining that generally, "the following driver in a rear end collision is considered to be at fault, except when the driver of the lead vehicle negligently creates a hazard which the

following vehicle cannot reasonably avoid" and affirming jury finding that lead driver was 10% at fault based on driver's "conduct of starting forward and then suddenly stopping…."); *Mustiful v. Strickland*, No. 98-1294, 732 So.2d 741, 744 (La. App. 3 Cir. April 7, 1999) (finding trial court erred in disregarding the jury's determination that lead driver was 25% at fault based on conflicting testimony regarding lead driver's attempt to enter a traffic circle); *Boggs v. Voss*, No. 31,965, 741 So.2d 139, 141-42 (La. App. 2 Cir. June 16, 1999) ("a reasonable factfinder could have found that, although Voss was at fault in being inattentive to the lead vehicle, he could not be solely responsible because of Boggs's sudden, substantial, and last minute decrease in speed or stop which presented a hazard that could not reasonably be avoided under the circumstances. Accordingly, we perceive no manifest error in the jury's division of fault or in the trial court's denial of a JNOV relating to this issue."). Based on Louisiana's comparative fault principles, Plaintiff's allegations that Norman, P&S, and Byrd were negligent in causing the accident constitutes "a reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co*., 385 F.3d 568, 573-74 (5th Cir. 2004). Accordingly, the undersigned recommends that Plaintiff's Motion to Remand be GRANTED.

### ii. The Court Should Not Pre-Try This Case to Determine Removal Jurisdiction

Pursuant to a 12(b)(6)-type analysis, Plaintiff is able to state a claim against the non-diverse defendant such that this matter should be remanded. However, as noted above, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Smallwood*, 385 F.3d at 573. The Fifth Circuit has explained that, "[a]lthough a court may pierce the pleadings and consider summary-judgment type

evidence, the standard for finding improper joinder is not the summary judgment standard in which an absence in the plaintiff's proof alone can be fatal." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 766 (5th Cir. 2016) (citing *Travis v. Irby*, 326 F.3d 644, 650 n. 3 (5th Cir. 2003)). The Fifth Circuit in *Davidson* further explained that:

> The examples of improper joinder based on "discrete and undisputed facts" outside the pleadings that *Smallwood* provides are consistent with this language requiring a defendant to "preclude" the possibility of recovery: evidence showing that "the in-state doctor defendant did not treat the plaintiff," that "the in-state pharmacist defendant did not fill a prescription for the plaintiff patient," that "a party's residence was not as alleged, or any other fact that easily can be *disproved* if not true."

819 F.3d at 766-67 (citing *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573-74 & n. 12 (5th Cir. 2004)) (emphasis added in *Davidson*). Although the district court may consider such discrete and undisputed facts, the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction...." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

In their Notice of Removal, the Removing Defendants assert that there is no reasonable basis for this court to predict that Henry can recover against Allstate in its capacity as Byrd's insurer because:

> In her July 5, 2017, deposition, Plaintiff Henry candidly admitted that she could identify no specific act of negligence or contribution to this accident on the part of her husband and omnibus insured, Byrd, to the accident at issue. She testified that, at the time of impact, she was turned towards Byrd and admitted that "from what [she] could see," Byrd was driving carefully. Moreover, Henry testified that she didn't know of any reason why Byrd's testimony – that at the time of impact the Henry vehicle was stopped in traffic and his foot was on the brake – was not true. In fact, Henry admitted in a written statement to Dr. James Pearce on August 17, 2015 (ten days after the accident) that the car "was stopped on I-10 for construction; was hit from behind by 18 wheeler." Byrd's testimony underscores this reality. Likewise, the testimony of Defendant Norman also corroborates the lack of any wrongdoing by Byrd. The

13

> sworn deposition testimony of all these parties involved in the accident at issue in this case demonstrates that [sic] was at the time of filing of the Petition, and there is today, no reasonable basis to believe that Plaintiff Henry might be able to recover against Byrd in this suit.[31]

The Removing Defendants point out that "Louisiana courts have uniformly held that the following driver is presumed to be at fault" and assert that although "Louisiana jurisprudence does recognize exceptions to this presumption," "Henry's testimony establishes that, at all times from the accident at issue to date, there was and is no reasonable basis for establishing such an exception that would allow a finding of fault/negligence on the part of Byrd."[32]

La. R.S. § 32:81(A) provides that "the driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." "[W]ith regard to the following motorist, the law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by LSA–R.S. 32:81A and is therefore liable for the accident." *Harbin v. Ward*, 2013 CA 1620, 147 So.3d 213, 218 (La. App. 1 Cir. May 29, 2014). "However, '[t]he presumption does not in and of itself preclude an apportionment of fault to the lead driver where negligence can be shown.' In fact, '[n]otwithstanding the presumption of negligence, a favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident. [O]nce the presumption of negligence attaches to the defendant, the ordinary rules of comparative negligence apply and, thus, a plaintiff's damages may be reduced by the degree that he was comparatively at fault.'" *Ervin v. Shelter General Ins. Co.*, Civil Action No. 14-47, 2015 WL 1757869, at * 2 (M.D.

---

[31] No. 17-471, R. Doc. 1, ¶ 32.

[32] No. 17-471, R. Doc. 1, ¶¶ 33 & 34. *See also*, No. 17-471, R. Doc. 1, ¶ 35.

La. April 17, 2015) (citing *Matherne v. Lorraine*, 2003 CA 2369, 888 So.2d 244, 246 (La. App. 1 Cir. Sept. 17, 2004) ("…Louisiana law does not require a following motorist to be completely free from fault before a lead motorist can be found comparatively negligent….")). *See also*, *Flores-Marin v. Osborn*, 2017 CW 0656, 2017 WL 2839143, at * 1 (La. App. 1 Cir. June 30, 2017) ("Although a legal presumption exists that a following motorist who collides into the rear end of a leading automobile is at fault, the presumption does not in and of itself preclude an apportionment of fault to the lead driver where negligence can be shown.").

Despite the Removing Defendants' assertion, the deposition testimony indicates that the facts surrounding the accident *are* disputed.[33] Further, although the Removing Defendants contend that Henry's deposition testimony was the first point at which it was clear that Henry had improperly joined Allstate as a non-diverse defendant, Henry's testimony was equivocal regarding Byrd's actions at the time of the accident.[34]   As such, a determination of the facts and

---

[33] In his July 5, 2017 deposition, Byrd testified that at the time of the impact, he "was sitting in the car, my feet on the brake, waiting on traffic to start back moving, which nobody never moved, and all of a sudden, boom.  A truck hit us."  No. 17-471, R. Doc. 1-4, July 5, 2017 deposition of Kedrick Byrd, pp. 11:25-12:4.  In contrast to Mr. Byrd's testimony, Norman asserted in his deposition that he was "pretty sure that [Byrd] moved a little" prior to the impact and that he believed Byrd was moving forward at the time of impact, explaining that the driver ahead of him released his brakes and that he saw "his brake lights go out."  No. 17-471, R. Doc. 1-6, July 7, 2017 deposition of Gary Norman, p. 118:16-17 & R. Doc. 53-4. July 7, 2017 deposition of Gary Norman, p. 121:14-19.  *See also*, R. Doc. 53-4. July 7, 2017 deposition of Gary Norman, p. 121:1-6 (A: "I guess neither one of us was moving that fast.  I mean, traffic had just started moving.  I mean, just started." Q: "But it moved enough for him to move, according to you, correct?" A: "Correct."); R. Doc. 59-4, July 7, 2017 deposition of Gary Norman, p. 117:20-22 (Q: "And everybody started to move, and you thought the guy you hit was going to move, but he didn't?" A: "I didn't thought nothing.  He was moving too.").

[34] While Henry attested that "from what [she] could see," her husband "seemed" to be driving carefully, she was not completely sure whether her vehicle was at a complete stop at the time of the accident.  Instead, she stated that it "[s]eemed like we were at a complete stop, but we were, like I said, stopping and going.  And then we had stopped and then we got hit."  No. 17-471, R. Doc. 1-3, July 5, 2017 deposition of Stacy Henry, pp. 33:25-34:2 & p. 34:15-17.  When asked whether her car was moving or was stopped at the time of impact, Henry responded that she didn't know and was not sure and further that she did not know whether Byrd's foot was on the brake at the time of impact.  No. 17-471, R. Doc. 1-3, July 5, 2017 deposition of Stacy Henry, p. 79:7-12; p. 79:11-13.  When asked whether she had "any reason to believe what [Byrd] testified to, specifically that he had his foot on the brake and was at a stop, is not true?" Henry also responded "I don't know."  No. 17-471, R. Doc. 1-3, July 5, 2017 deposition of Stacy Henry, pp. 79:22-80:2.  *See also*, R. Doc. 53-3, July 5, 2017 deposition of Stacy Henry, p. 76:12-19 (Q: "[Byrd] also testified in his deposition, at which you were present, that he had his foot on the brake and was stopped at the time of impact."  A: "I mean, yeah – I don't know.  I mean, it's hard for me to say.  I wasn't looking at his foot." Q: "Okay. Were you stopped at the time of impact?" A: "It felt like we were stopped.  I don't know."). Ms. Henry explained that after the

circumstances surrounding the accident do not present "discrete and undisputed facts" "that easily can be disproved if not true." *Smallwood*, 385 F.3d at 574, n.12.

The Removing Defendants contend that "[t]here is absolutely nothing in the parties' testimony or accompanying documentary evidence to suggest that Byrd started to proceed with the flow of traffic before suddenly stopping, thereby creating a hazard that Norman could not avoid"[35] and assert that "the accident is analogous to situations where the lead vehicle is rear-ended after stopping for a <u>legitimate</u> reason."[36]  As analogous examples, the Removing Defendants rely on *Measley v. Lopez*, 16-C-77, 193 So.3d 539 (La. App. 5 Cir. May 26, 2016) and *Bates v. Prater*, No. 42,149-CA, 956 So.2d 814 (La. App. 2 Cir. May 9, 2007).  However, both of these cases involved summary judgments.  *Measley*, 193 So.3d at 546 (granting plaintiff's motion for partial summary judgment on liability where both plaintiff and defendant testified in deposition that plaintiff was stopped at a red light when defendant rear ended her vehicle); *Bates*, 956 So. 2d at 819 (granting summary judgment based on lack of any evidence to overcome presumption of negligence of the following motorist or lead motorist's comparative fault).  As noted above, the standard for determining whether the non-diverse defendant has been improperly joined *is not* a summary judgment standard.  Further, while *Mealey* in particular seems to support the Removing Defendants' position,[37] other cases have reached the opposite conclusion based on facts seemingly

[35] R. Doc. 59, p. 17.

[36] R. Doc. 59, p. 17.  As noted above, Norman testified in his deposition that he believed Byrd *had* started to proceed forward because he saw the brake lights of that vehicle go out.  *See*, *supra*, n. 33.

[37] The *Mealey* court noted that the duty of the following motorist set forth by La. R.S. § 32:81 includes the obligation to "anticipate that motorists on that roadway will stop at traffic control devices commanding them to do so, and must also anticipate that such a stopped vehicle, for any number of reasons, may not necessarily immediately move forward when the traffic control device allows them to do so."  193 So.3d at 545-545.  Under the particular factual scenario

circumstances surrounding the accident do not present "discrete and undisputed facts" "that easily can be disproved if not true." *Smallwood*, 385 F.3d at 574, n.12.

The Removing Defendants contend that "[t]here is absolutely nothing in the parties' testimony or accompanying documentary evidence to suggest that Byrd started to proceed with the flow of traffic before suddenly stopping, thereby creating a hazard that Norman could not avoid"[35] and assert that "the accident is analogous to situations where the lead vehicle is rear-ended after stopping for a <u>legitimate</u> reason."[36]  As analogous examples, the Removing Defendants rely on *Measley v. Lopez*, 16-C-77, 193 So.3d 539 (La. App. 5 Cir. May 26, 2016) and *Bates v. Prater*, No. 42,149-CA, 956 So.2d 814 (La. App. 2 Cir. May 9, 2007).  However, both of these cases involved summary judgments.  *Measley*, 193 So.3d at 546 (granting plaintiff's motion for partial summary judgment on liability where both plaintiff and defendant testified in deposition that plaintiff was stopped at a red light when defendant rear ended her vehicle); *Bates*, 956 So. 2d at 819 (granting summary judgment based on lack of any evidence to overcome presumption of negligence of the following motorist or lead motorist's comparative fault).  As noted above, the standard for determining whether the non-diverse defendant has been improperly joined *is not* a summary judgment standard.  Further, while *Mealey* in particular seems to support the Removing Defendants' position,[37] other cases have reached the opposite conclusion based on facts seemingly

accident she "was fussing" at Byrd and telling him "'You didn't see that truck coming?  Well, how you didn't see that truck coming?'"  R. Doc. 53-3, July 5, 2017 deposition of Stacy Henry, p. 46:11-13.  When asked whether she thought Mr. Byrd did anything to contribute to the accident, Henry stated "I don't know.  I just – I – when I looked up and say the car was gone, moving, I thought maybe he should have been moving too."  R. Doc. 53-3, July 5, 2017 deposition of Stacy Henry, pp.76:25-77:2.

[35] R. Doc. 59, p. 17.

[36] R. Doc. 59, p. 17.  As noted above, Norman testified in his deposition that he believed Byrd *had* started to proceed forward because he saw the brake lights of that vehicle go out.  *See*, *supra*, n. 33.

[37] The *Mealey* court noted that the duty of the following motorist set forth by La. R.S. § 32:81 includes the obligation to "anticipate that motorists on that roadway will stop at traffic control devices commanding them to do so, and must also anticipate that such a stopped vehicle, for any number of reasons, may not necessarily immediately move forward when the traffic control device allows them to do so."  193 So.3d at 545-545.  Under the particular factual scenario

similar to those here. For example, in *McKinley v. Bekins Moving & Storage Co., Inc.*, 83-CA-627, 449 So.2d 705 (La. App. 5 Cir. April 9, 1984), the driver of the lead vehicle was assessed 10% of fault by a jury where the parties testified that the road on which the accident occurred was heavily congested with bumper-to-bumper traffic and stop-and-go driving as vehicles attempted to merge onto a traffic circle. The court explained that "[w]hen [plaintiff's] vehicle reached the sign, it either started briefly forward (a car length or one-half car length) and stopped, or had never begun to advance (defendant claimed the former, plaintiff the latter). In either case, defendant…proceeded forward, looking to his left into the circle as he did so, to check oncoming traffic; he looked ahead just in time to see plaintiff's car at a full stop, apply his brakes, and collide into the rear of [plaintiff's] auto." *Id*. at 706. Finally, even when presented on summary judgment, this court has refused to make a liability determination where, as here, the facts surrounding the accident were disputed. *See*, *Ervin*, 2015 WL 1757869, at * 2 (denying summary judgment despite presumption of following driver's negligence because the favored motorist could still be assessed with comparative fault and there were disputed issues regarding the facts of the accident which turned on credibility determinations); *Glaviana v. Nevarez*, Civil Action No. 09-38, 2010 WL 1936006, at * 2 (M.D. La. May 12, 2010) (denying motion for summary judgment on liability and explaining that "before applying the rear-end collision presumption to find exclusive fault, the trier of fact must determine how the accident occurred, including whether Nevarez could have avoided the collision. Then the trier must determine each party's fault.") (citing *Robinson v. Flowers*, 41,799-CA, 41,800-CA, 949 So.2d 549, 553 (La. App. 2 Cir. Jan. 24,

---

presented, the court explained that "the driver of a vehicle that fails to immediately move forward when the traffic light turns green does not negligently create a hazard which the following motorist cannot reasonably avoid with the exercise of due care, and is not contributorily negligent for an accident that results from a following motorist crashing her vehicle into the rear of a stopped motorist." *Id*. at 545.

2007) (finding error based on "the trial court's mechanical application of that presumption without making factual findings as to how the accident occurred")).

As noted above, the Fifth Circuit has "frequently cautioned the district courts against pretrying a case to determine removal jurisdiction...." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir.1990). Here, the undersigned's review of the deposition testimony indicates that the circumstances surrounding the accident are disputed and therefore remand is proper. *See*, *Dorsey v. Hertz Corp.*, Civil Action No. 16-3680, 2016 WL 6575190, at * 4 (E.D. La. Nov. 7, 2016) (remanding case based on joinder of non-diverse driver of middle car involved in three-car accident and explaining that presumption that following driver in rear-end collision "does not shield him from liability under every set of circumstances" even where following driver provided an admission of fault because the "evidence, taken as a whole, indicated that there is a question of fact as to how the accident occurred."). *See also*, *Irvin v. Crum*, Civil Action No. 15-350, 2015 WL 9916721, at * 4 (M.D. La. Dec. 29, 2015) (recommending remand based on joinder of non-diverse defendant where removing defendant "provided the court with information outside of the pleadings that would require the court to engage in a detailed fact intensive consideration of Plaintiff's claims" and explaining that "[t]he court will not conduct a pre-trial determination of the merits of Plaintiff's malicious prosecution claim, as that would improperly result in 'pretrying a case to determine removal jurisdiction.'").

The Removing Defendants bear the heavy burden of proving improper joinder. *Travis*, 326 F.3d at 649. The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch*, 491 F.3d at 281-82. Because the Removing Defendants have not established that Allstate as the non-diverse insurer of

Byrd was improperly joined, the undersigned recommends that Plaintiff's Motion to Remand be GRANTED.

### d. Plaintiff's Claim Against Allstate Does Not Satisfy The Amount In Controversy Requirement

Finally, Plaintiff argues that remand is proper because "defendants did not meet their burden to establish the jurisdictional amount."[38] Plaintiff contends that "because [she] cannot sue her husband for an excess judgment, [she] cannot recover more than Allstate's policy limits."[39] In opposition, the Removing Defendants do not contest Plaintiff's assertion that her claim against Allstate in its capacity as Byrd's liability insurer is capped at $15,000;[40] instead, the Removing Defendants contend that because Allstate – as the non-diverse liability insurer of Byrd – has been improperly joined, the amount in controversy with respect to Plaintiff's claims against Allstate should be completely ignored.[41]

As set forth above, Allstate in its capacity as Byrd's insurer is a properly joined defendant, and in such capacity Allstate is not diverse from Plaintiff. Accordingly, even setting aside the issue of whether Plaintiff's claim against Allstate in its capacity as Byrd's insurer meets the jurisdictional threshold, complete diversity between the parties is lacking and therefore the undersigned recommends that Plaintiff's Motion to Remand be granted. That notwithstanding, "[c]laims by a single plaintiff against multiple defendants can be aggregated for the purpose of attaining the amount in controversy only if the defendants are jointly liable to the plaintiff." *Martin*

---

[38] R. Doc. 53, p. 2.

[39] R. Doc. 53-1, p. 18. As noted above, pursuant to La. R.S. § 9:291, "[s]pouses may not sue each other" except under limited circumstances not applicable here.

[40] R. Doc. 59, p. 6. *See, Henderson v. Allstate Fire and Casualty Ins. Co.*, Civil Action No. 15-4452, 154 F.Supp.3d 428, 431 (E.D. La. Dec. 22, 2015) (where plaintiff seeks recovery for payments under an insurance policy, the amount in controversy is governed by the lesser of the value of the claim under the policy or the policy limit).

[41] R. Doc. 59, p. 6 ("So whether Allstate's policy limit is $1 or $1,000,000 is of no relevance. Allstate, in its capacity as the insurer of Kedrick Byrd as an omnibus insured, should be ignored completely.").

*v. D.R. Horton, Inc.*, Civil Action No. 07-940-C, 2008 WL 4693397, at * 3 (M.D. La. Oct. 23, 2008).  Under Louisiana law, "[e]ach joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of that other person." *Dumas v. State ex rel. Dept. of Culture, Recreation & Tourism*, 828 So.2d 530, 537 (La. 2002) (explaining that La. C.C. art. 2324(B) "abolishes solidarity among non-intentional tortfeasors and makes each non-intentional tortfeasor liable only for his own share of the fault").  Because it is uncontested that Plaintiff's claim against Allstate in its capacity as Byrd's insurer is capped at $15,000, the Removing Defendants have not met their burden of establishing that the amount in controversy with respect to this claim meets the jurisdictional threshold.

In opposition to the Motion to Remand, the Removing Defendants note that "28 U.S.C. 1367 provides supplemental jurisdiction over a separate claim lacking the monetary jurisdictional minimum where, as here, there is a common nucleus of fact governing both claims."[42]  However, pursuant to 28 U.S.C. § 1367(b), "[i]n any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure…."  Here, Allstate, in its capacity as Byrd's insurer, would be joined as a defendant under either Fed. R. Civ. P. 19 or 20 and § 1367(b) precludes the exercise of supplemental jurisdiction over such claim.  *See*, *Martin*, 2008 WL 4693397, at * 3 ("Pursuant to the plain language of 28 U.S.C. § 1367(b), the district court cannot exercise supplemental jurisdiction over the claims by plaintiff against entities joined as parties under either Rule 19 (indispensable parties) or Rule 20 (permissive joinder).  Thus, the court cannot invoke supplemental jurisdiction over plaintiff's claims against the Reliant

---

[42] R. Doc. 59, p. 2, n. 3.

defendants, and the diversity and amount in controversy requirements for jurisdiction must be established for all defendants joined in this action."); *Gines v. D.R. Horton, Inc.*, Civil Action No. 08-598, 2009 WL 1916485, at * 4 (M.D. La. June 30, 2009) ("the court notes that pursuant to 28 U.S.C. § 1367(b), the court cannot exercise supplemental jurisdiction over codefendants; therefore, each defendant must meet the amount in controversy requirement on its own without consideration of the other."). *See also*, *Samargandi v. American Express*, Civil Action No. 4:09-1577, 2011 WL 221868, at * 6 (S.D. Tex. Jan. 20, 2011) ("Plaintiff has never asserted that American Express is jointly liable with Defendants, which would have otherwise allowed Plaintiff's claim against American Express to be aggregated with those against other Defendants. Neither could the Court have exercised supplemental jurisdiction over the claim against American Express without an analysis of whether the claim against American Express independently met the amount in controversy requirement.") (internal citation omitted); *Pilgrim's Pride Corp. v. Frisco Food Services, Inc.*, Civil Action No. 2:06-512, 2007 WL 737737, at * 1 (E.D. Tex. March 7, 2007) ("§ 1367(b) explicitly excludes supplemental jurisdiction over claims against defendants joined under Rule 20. This case involves a claim against a defendant, not a plaintiff, who does not meet the requisite amount for diversity jurisdiction. Accordingly, this Court may not exercise supplemental jurisdiction over Parrco or NPI.") (internal citation omitted); *Cronin v. State Farm Lloyd's*, Civil Action No. 08-1983, 2008 WL 4649653, at *5 (S.D. Tex. Oct. 10, 2008) ("It is well established that a single plaintiff suing multiple, severally liable defendants in federal court may not aggregate the amounts in controversy against each defendant in order to satisfy the statutory minimum. Nor can the court exercise supplemental jurisdiction over defendants if the claims against them do not meet the minimum amount in controversy.") (internal citations omitted).

### e. Plaintiff's Request For Attorney Fees Should Be Denied

In the Motion to Remand, Plaintiff also seeks attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  Section 1447(c) provides, in pertinent part, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  However, there is no automatic entitlement to an award of attorney fees under § 1447(c), as the clear language of the statute makes such an award discretionary.  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 291 (5th Cir. 2000).  In applying § 1447(c), courts consider "the propriety of the removing party's actions based on an objective view of the legal and factual elements in each particular case….In other words, the question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper."  *Id.* at 293.  Review of the record shows that an award of costs and attorney's fees is not warranted in this case.  As such, Plaintiff's request for the costs and attorney's fees incurred in filing the Motion to Remand should be DENIED.

### III.    Conclusion and Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Plaintiff's Motion to Remand[43] be **GRANTED** and that Stacy Henry's suit, Civil Action No. 17-471, be **SEVERED**[44] from the suit with which it was previously consolidated, *Byrd v. P&S Transportation, LLC, et al.*, Civil Action No. 16-563, and **REMANDED** to the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana.

---

[43] R. Doc. 53.

[44] *See*, *Ace American Ins. Co. v. Huttig Building Products, Inc.*, Civil Action Nos. 10-527, 10-601, 2011 WL 3047640, at * 9 (S.D. Miss. July 25, 2011) (severing consolidated action over which court lacked diversity jurisdiction and remanding that action to state court); *Young v. Antioco*, 03-CV-0333, 2003 WL 23201342, at * 1 (N.D. Tex. Aug. 6, 2003) (severing and remanding once-consolidated action based on lack of federal question subject matter jurisdiction).

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for an award of costs and attorney's fees under 28 U.S.C. § 1447(c) be **DENIED**.

Signed in Baton Rouge, Louisiana, on November 14, 2017.

**ERIN WILDER-DOOMES
UNITED STATES MAGISTRATE JUDGE**